**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MELISENDRO E. GONZALES,

    Plaintiff,

    v.                                                                                          No. CIV 07-864 JB/KBM

SANDOVAL COUNTY DETENTION
CENTER AND/OR MEDICAL DEPARTMENT,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Melisendro E. Gonzales' Medical Neglegiance [sic], filed August 31, 2007 (Doc. 1). The Court construes the document as a Civil Rights Complaint. Gonzales is incarcerated, appears pro se, and proceeds in forma pauperis. The Court will dismiss Gonzales' claims against the named Defendant, Sandoval County Detention Center and/or Medical Department. Gonzales also has filed two motions for default judgment. The Court will deny these motions.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Gonzales' pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Gonzales alleges that he was denied necessary medical treatment for a serious dental condition. The Complaint mentions several members of the Detention Center's medical staff, but Gonzales brings his claims only against the detention center and/or its medical department. The Complaint seeks equitable relief and damages.

The Court may not grant relief on Gonzales' claims against the Detention Center. "Dismissal against [a county jail] was also required because a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000). Furthermore, the Court will not construe Plaintiff's claims as directed against the county itself, because "he has not alleged any facts to support a claim that his injuries resulted from an unconstitutional policy or custom." *Stevenson v. Whetsel*, 52 F. App'x 444, 446-47 (10th Cir. Dec. 3, 2002) (citing *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988)). The Court will dismiss Gonzales' claims, with leave to amend. Failure to respond to this Order may result in dismissal of the Complaint.

No relief is available on Gonzales' motions for default judgment. The Detention Center has not been served, and default judgment cannot be entered against a defendant unless service of process is effected, or the defendant waives or accepts service. *See, e.g., Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987); *Texas Western Financial Corp. v. Edwards*, 797 F.2d 902, 905 (10th Cir. 1986). "[A]n entry of default against [a defendant], before it had any obligation to file an answer, would have been incorrect as a matter of law." *Ashby v. McKenna*, 331

F.3d 1148, 1152 (10th Cir. 2003). The Court will deny Gonzales' motions for default judgment. (*See* Docs. 9 & 11).

**IT IS THEREFORE ORDERED** that the Plaintiff's claims against the Defendant Sandoval County Detention Center and/or Medical Department are dismissed; and the Defendant Sandoval County Detention Center and/or Medical Department is dismissed as a party to this action;

**IT IS FURTHER ORDERED** that Plaintiff's motions for default judgment (Docs. 9 & 11) are denied;

**IT IS FURTHER ORDERED** that, within twenty (20) days from entry of this Order, the Plaintiff may file an amended complaint or otherwise respond to this Order, more specifically identifying the party or parties allegedly liable for denying him medical treatment.

_____
UNITED STATES DISTRICT JUDGE