IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISENDRO E. GONZALES,

        Plaintiff,

v.                                                                      CIV 07-864 JB/KBM

CHRIS KETCHUM and
MILISSA GONZALES,

        Defendants.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the initial documents that contain Plaintiff's allegations relating to an injury and loss of his teeth, *see Docs. 1, 17,19, 24, 28,* Defendants' *Martinez* Report, *see Doc. 30,* and Plaintiff's responses to that report, *see Docs. 33, 36.* I recommend that this action be dismissed.

Defendants argue that Plaintiff's failure to utilize the detention center's official grievance procedure renders his claim unexhausted under 42 U.S.C. § 1997e and subject to dismissal under *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002), *see Doc. 30* at 8-9. Defendants submitted the affidavit of the

detention center Deputy Director which attaches the prison grievance policy, states that inmates are advised of the policy during orientation, and states that "[o]n August 5, 2008, Inmate Gonzales submitted a grievance pursuant to the policy [about having] not received any dessert." *Doc. 20-1* at 19; *see also id.* at 20-23 (the policy). The submission, however, does not include a copy of the actual grievance.

While Plaintiff does not dispute that he failed to file a grievance, he does contend that "as far as I know, Grievance Forms are only issued if an inmate has problems in the living area (Pod) or problems with other inmates and/or staff members etc." *Doc. 33* at 2. Instead, he points to the "multiple sick call forms, communications forms (requests/complaints)" that he says he submitted to the Deputy Director and others.

Even though Defendants did not file copies of these materials with the *Martinez* Report, there is evidence in the record that supports Plaintiff's assertion. Evidently, Plaintiff did try to serve Defendants with some sort of document in late July 2008, over a year after the events occurred, and those were forwarded by the Deputy Director to "our Risk Manager and our attorney," *Doc. 19* at 3; *see also id.* at 1-4. At that point however, the seven-day time period for filing a grievance had long passed. *See Doc. 30-2* at 21. Indeed, as discussed below, Plaintiff's first written complaint about his teeth fell weeks outside that period.

Case 1:07-cv-00864-JB-KBM   Document 37   Filed 12/30/08   Page 3 of 6

Exhaustion is mandatory and if a claim is unexhausted and, as here, can no longer be exhausted, the action must be dismissed.  *See Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Woodford v. Ngo,* 548 U.S. 81(2006) (exhaustion requirement not satisfied by filing untimely or procedurally defective administrative grievance or appeal)."  That Plaintiff gave "notice of his claims to various Defendants by means other than the grievance process" is unavailing – "the doctrine of substantial compliance does not apply." *Jernigan,* 305 F.3d at 1032.  Dismissal for failure to exhaust in the posture of this case is appropriate.  *See Campbell v. Mullin,* 251 Fed. Appx. 542, 544 (10th Cir. 2007) ("The *Martinez* report indicated that Mr. Campbell filed one grievance for an alleged assault and battery that took place in 2001 or 2002, which is not at issue in this case.  Mr. Campbell did not file any grievances regarding the alleged constitutional violations while he was incarcerated at DCCC or OSP. . . .  Having reviewed Mr. Campbell's claims, we agree that the district court correctly concluded that he failed to exhaust these grievance procedures on each claim before us."), *cert. denied,* 128 S. Ct. 2087 (2008).

Alternatively, Defendants are correct that negligence and the short delay in seeing a dentist to extract his teeth are not actionable under 42 U.S.C. § 1983.  *See*

3

*Doc. 30* at 4-6, 8, 10-12.  I agree.

According to Plaintiff's initial pleadings, he bit into a burrito that contained a hard rock or bone, and cut his gums and loosened two of his front teeth.  Though he is not precise on the dates, he alleges that the incident occurred during the first week in June 2007.  He claims that he sought medical attention that evening but allegedly was told by a nurse "that there was nothing they could do for me."  *Doc. 1* at 3; *see also id.* at 1-2; *Doc. 24* at 2; *Doc. 28* at 2.  Two days later, he allegedly was seen by another nurse, who made an appointment with a dentist to pull the loose teeth.  But "at the end of June[,] [Gonzales] could not take the pain anymore, so [he] took a piece of string from a mattress" and pulled his own tooth.  *Doc. 1* at 3. Later, he saw the nurse who is named as a defendant and she purportedly asked him if he "was on <u>her</u> medical dental list."  *Id.* at 5 (emphasis original).  When Plaintiff signed his initial Complaint on July 15, 2007, he alleged that, although he had complained to a supervisor, he still had not seen the dentist.  He was "hoping that the [supervisor] would speak to the medical staff and get [him] to the dentist right away."  *Id.* at 5.

Defendants' *Martinez* Report shows that Plaintiff's first "inmate sick request" that mentions his teeth is dated July 13, 2007 and that he "just finish[ed] dental protocol [and] may continue to take ibu[profen]."  *Doc. 30-2* at 3.  According to

4

the medical records, "dental protocol" consists of antibiotics and pain medication, and once the protocol is complete the inmate sees a dentist. On July 18, 2007, he was placed on another round of the protocol, and on August 1, 2007, he saw a dentist and had five teeth extracted. *See id.* at 1-9. The following April 2008, he again complained of dental pain and again was placed on dental protocol before seeing a dentist. Two more teeth were extracted. *See id.* at 1, 12-18.

Plaintiff does not dispute these material facts. Instead, he asks the Court to ignore them as irrelevant, and asserts that because he was in so much pain he pulled a second tooth on his own at the end of July. *See Doc. 33* at 5-6.

The Eighth Amendment right to medical care is not violated unless Defendants engaged in a deprivation that is "sufficiently serious" and acted with "deliberate indifference to inmate health or safety." *Fogle v. Pierson,* 435 F.3d 1252, 1260 (10th Cir.), *cert. denied,* 549 U.S. 1059(2006). Defendants violate the Eighth Amendment if "their deliberate indifference to serious medical needs . . . constitutes the unnecessary and wanton infliction of pain." *Kikumura v. Osagie,* 461 F.3d 1269, 1291 (10th Cir. 2006). Negligence will not suffice. *Id.; see also Smith v. Cummings,* 445 F.3d 1254, 1258 (10th Cir. 2006). A delay in medical care only violates the Eighth Amendment if Plaintiff can show it caused "substantial harm," which means a "lifelong handicap, permanent loss, or considerable pain."

*Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001).  The allegations do not rise to the level of deliberate indifference or substantial harm because, even assuming Plaintiff injured his front teeth in early June 2007 on the burrito, according to him he was immediately placed on a list to see the dentist.  It is also undisputed that he was placed on the "dental protocol" after he pulled his own tooth and his mouth became infected.  Moreover, the initial extraction of five teeth in addition to the two Plaintiff pulled himself, indicates dental problems and pain of long-standing, rather than solely attributable to the burrito incident or any delay in seeing the dentist.

Wherefore,

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE